McIlvaine, J.
We think the court did not err in refusing the motion to compel the prosecutor to elect upon which transaction he would rely for a conviction.
Upon the state of the testimony at the time this motion *74 was made and overruled, the jury might well have found that no part of the moneys collected by the defendant had been appropriated to his own use, until after the several sums had been received, and that the whole amount was converted and appropriated by the same act. Although the notes had come into the defendant’s possession at different times, and the several sums collected thereon had been received by him at different times and places, yet if the whole amount was in his hands at one time, and was embezzled in one transaction, it is quite clear that but one offense was committed.
It is true, that the letter of defendant, of January 4,1877, tended to show that the money received from Maynard was converted before the money was received from Gambie, and, no doubt, the jury only found the embezzlement of the Maynard money, less five per cent, commission fees. Nevertheless, the tendency of that letter was to show an intention to embezzle, rather than any act inconsistent with the rights of the employer. And if the jury had so regarded the effect of the letter, the only testimony showing the act of conversion, which is as essential to a conviction as is the intent to embezzle, would have been found in the demand and refusal to account, in December, 1877, after all the moneys had been collected.
It is also claimed that Poster was not the owner of the money within the meaning of the statute, and that the conviction of the defendant for the embezzlement of his property was wrong. The statute of May 5, 1877 (74 Ohio L. 249, sec. 11), under which the indictment was found, provides: “An officer, agent, clerk, servant, or employe of any per-, son (except apprentices and persons under the age of eighteen years), who embezzles or couverts to his own use, or fraudulently takes or makes away with, or secretes with intent to embezzle, or convert to his own use, any thing of value which'shall come into his hands by virtue of his employment,” etc.
Poster was defendant’s.employer, and it was to him that defendant, under his employment, was bound to account. *75 This brings the case within the statute, although Foster may have been bound, to account over to Durston, "Wood & Co.
It is also claimed that inasmuch as the defendant was entitled to a commission out of the funds collected as compensation for his services, he was a joint owner of the money, and was not therefore an agent within the meaning of the statute. This claim is not well founded. Although the defendant was entitled to a percentage of the moneys collected for his services, and might have taken and retained such percentage without being guilty of embezzlement, yet the entire sum, until such division was made, belonged to his employer, and he was a. mere agent and custodian. The controlling difference between the relation of attorneys, auetioners, warehousemen, etc., with their employers, and the defendant with his employer, is this: The former engage in an independent employment, subject only to the usages of their different lines of business, while the latter was subject to the direction and control of his em-> ployer. And while the former may not be subject to the penalties of this statute, the latter is clearly embraced within its terms and meaning.
It is also claimed that the court erred in the charge as to the venue. Upon this subject the charge was as follows: “ And now, gentlemen, you will, if you find the defendant guilty of embezzlement, inquire whether the act was committed in Huron county. Now, gentlemen, if you shall find that the defendant received and had this money in his possession in Huron county, and while it was so in his possession in Huron county he formed the intention — the purpose — to appropriate the money to his own use, and in pursuance of that purpose so formed in Huron county, he did appropriate the same to his own use, either by expending the same in Seneca county or any other county or place, or if he did not expend it, but in pursuance of such intention so formed in Huron county, he kept the money in his own pocket with the intention of permanently depriving his employer and the owner thereof of said money, and, upon demand, with that intention refused to pay it over, then in *76 either case the crime would be committed in Huron county. But if he received and had the money in his possession in Huron county, and carried the. same into Seneca or any other county, and then for the first time formed the purpose to appropriate the money to his own use, and in pursuance of such intention so formed he did appropriate the same td his own use in such county, then the crime would not have been committed in Huron county. If the defendant formed the purpose in Huron county to convert the moneys or any of them 'mentioned in the indictment, but did not in fact convert them or any of them in Huron county, he can- not be convicted of embezzlement in this case.”
The objection urged against this instruction is, that it would make the crime of embezzlement complete in the county where the criminal intent was formed, although the act of conversion took place in another. "We think the objection to the charge is not well taken. It was undisputed on the trial that the defendant refused to account to his employer for the moneys, upon demand made, in Huron, the county of his residence. The case, therefore, put to the jury by the charge was this: An agent having money of his employer in his possession in a certain county where it was his duty to account upon demand being made, forms the purpose to embezzle it, and carries it, in pursuance of that purpose, into another county and there expends it, and afterward, on demand, refuses to account in the first named county, such agent is guilty of embezzlement in the county first named. We think the venue was well laid in the county from which the money was carried for the purpose of expending it, and in which the refusal to account was made. The removal of the money from such county for such purpose, as well as the refusal to account, was an act of embezzlement. The fallacy of the plaintiff’s position is in the assumption that the only act of embezzlement is in the paying out of the money by the agent for his own use. Suppose he had retained the money in his own possession and had merely refused to *77 account, the crime would have been complete; while, on the other hand, if the money had been expended, and he had accounted at the proper time with his employer by the payment of other money of equal value, no offense would have been committed.
The indictment charged that the offense was committed on the 28th day of January, 1878. The statute against embezzlement then in force took effect from and after the first day of July, 1877. Testimony had been offered, tending to prove that the offense was committed previous to the taking effect of that act, and other testimony tending to show that the offense was committed subsequent to the taking effect of the act. The court refused to charge the jury, though requested so to do, that the defendant could not be convicted upon the indictment under which he was on trial, unless the jury should find that the offense was committed after the act of May 5, 1877, took effect, to wit, at least as late as July 1,1877. In this refusal, we think, the court erred.
The theory upon which the state seeks to maintain the conviction, notwithstanding the refusal to charge as above stated, is this: The act of March 15,1869 (66 Ohio L. 29), which was repealed by the act of May 5, 1877, defined the crime of embezzlement, and provided for its punishment. It is true, the offense, as defined in the act of 1869, differs, in some respects, from that of 1877, but the difference is not material to the disposition of the question here decided. Although the act of 1869 was repealed by the act of 1877, the right of the state to prosecute offenses committed in violation of the former was saved by the act, February 19, 1866 (S. & S. 1), and hence, the state claims that the defendant might have been properly convicted, upon the trial below, of embezzlement committed in violation of the repealed statute. This claim on the part of the state can not be supported. If the indictment had charged the offense to have been committed in violation of the repealed statute at a time when it was in force, the act of 1869 would have supported the prosecution. But this was not done. The *78 offense was charged to have been committed after the act of 1860 had been repealed, and therefore the act of 1866 does not apply. Whether or not an offense punishable by law is charged in an indictment, must be determined by the state of the law at the time the offense is alleged to have been committed. For the purpose of determining this, the question of time, as laid in the indictment, is material, otherwise an indictment would be good although the facts averred did not constitute an offense under any law, at the time when they are alleged to have been committed, provided a law was in force at the time laid in the indictment, which made them an offense.

Judgment reversed, and cause remanded for- a new trial.